UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HUEVEL,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY TRANSIT, et al.,<br><br>Defendants. | No.  2:22–cv–1734–DAD–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are legally "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

    i.    **Failure to State a Claim**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

**Analysis**

Here, it is difficult to discern the substance of plaintiff's complaint.  Plaintiff cites to Title VII of the Civil Rights Act of 1964, noting the law's prohibition against discrimination based on race, color, and national origin.  Plaintiff names as defendants "El Dorado County Transit" and "Alicia" (a dispatch server).  Plaintiff requests $500,000 in damages.  (ECF No. 1.)  However, it is unclear what these defendants are alleged to have done.  The court sees no allegations of any instance where defendants discriminated against plaintiff based on race, color, or national origin.  See Darensburg v. Metro. Transp. Comm'n, 636 F.3d 511, 522 (9th Cir. 2011) (noting that allegations of discrimination must include how "the actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class").  It is not even clear how plaintiff and defendants came to interact.  Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.").  The court cannot take a majority of plaintiff's descriptions as true, as they simply conclude defendants have engaged in "judicial massacres" that allegedly expose him to "destructive ellements [sic] of society here at El Dorado County."  Finally, much of the information in the complaint (a "case at the El Dorado County Holding facility "prison," an "extended bus route" that cause plaintiff to walk in Placerville, and other information concerning his family history) appears to be irrelevant to a discrimination claim.  Thus, this complaint does not survive the screening inquiry.  See 28 U.S.C. § 1915(e)(2).

Nevertheless, in light of plaintiff's unrepresented status, and because it is at least conceivable that plaintiff could allege additional facts to state a discrimination claim, the court finds it appropriate to grant plaintiff an opportunity to amend.  See Lopez, 203 F.3d at 1130-31.

If plaintiff elects to file an amended complaint, this new pleading shall be titled "First Amended Complaint"; be limited to 5 pages; and list the factual allegations supporting a discrimination claim.  Plaintiff should include a general background facts section only as necessary, and should refrain from alleging irrelevant matters.  This amended complaint shall be filed within 28 days of this order.

  Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

  Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## ORDER

  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Within 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  October 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vand.1734