UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HUEVEL,<br><br>            Plaintiff,<br><br>      v.<br><br>EL DORADO COUNTY TRANSIT, et al.,<br><br>            Defendants. | No.  2:22–cv–1734–DAD–KJN PS<br><br>ORDER DIRECTING SERVICE (AND REQUEST FOR WAIVER OF SERVICE) BY THE UNITED STATES MARSHAL |

Plaintiff, who is proceeding without counsel in this action, previously requested leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). The court granted plaintiff's IFP request, screened the complaint under Section 1915(e), found a failure to state a viable claim under Title VI of the Civil Rights Act of 1964, but found that given plaintiff's pro se status, it was possible plaintiff could state more facts giving rise to a plausible claim. (ECF No. 3.)

Plaintiff submitted a "notice of proof of injuries," which appears to be a response to the court's order. Construing this filing as a first amended complaint, the court screens the allegations under Section 1915(e).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

Briefly, plaintiff's filing alleges El Dorado County Transit failed to provide him with a drop off at specific locations despite disabilities caused by a stroke. Plaintiff cites to the Americans with Disabilities Act and requests "accountabilities." (See ECF No. 6.) Liberally construed, the court finds a claim under the ADA against El Dorado County Transit that is sufficiently cognizable to survive the initial screening inquiry.[2] Cf., e.g., Storman v. Sacramento Regional Transit Dist., 70 Fed. Appx. 438 (2003) (finding pro se plaintiff adequately stated claim under the ADA against public entity for failure to provide paratransit services to an eligible person with a disability); with, e.g., Boose v. Tri-County Metrpolitan Transp. Dist. of Oregon, 2008 WL 4559790 *8 (D. Or. Oct 8, 2008) ("Because no statute or regulation requires TriMet to modify its FTA-approved paratransit program in response to user requests for disability accommodation, Boose's claim necessarily fails as a matter of law.").

Given this determination, service of process on this defendant by the U.S. Marshal is appropriate. See 28 U.S.C. § 1915(d). However, plaintiff must assist in providing the necessary information and materials for the Marshal to effect service on plaintiff's behalf (plaintiff should see paragraphs 4 and 5 below for his required next steps).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Service of the complaint is appropriate for El Dorado County Transit;
2. The Clerk of Court shall issue forthwith all process pursuant to Federal Rule of Civil Procedure 4 without prepayment of costs. The Clerk shall send to plaintiff:
   (i) one copy of this order;
   (ii) one copy of the court's forthcoming order setting status conference;
   (iii) a copy of the Magistrate Judge Consent/Decline form; and

---

[2] This order does not preclude defendant from challenging plaintiff's complaint through a timely motion under Rule 12 or other appropriate method. Further, the court finds service on defendant "Alisha" is not proper at this time, as the liberally-construed ADA claim is to be asserted against the public entity. See 42 U.S.C. § 12131(1) (defining public entity). Plaintiff's filings indicate "Alisha" and other individuals were rude to him, but even construing plaintiff's claim liberally, these details are not relevant. Similarly, there are many details in plaintiff's filings concerning other cases, other events in plaintiff's life, etc. that do not appear to be relevant to an ADA claim.

|   |   |   |   |
|---|---|---|---|
| 1 |  | (iv) | one summons and a USM-285 form (with related documents); |
| 2 | 3. | The Clerk of Court is directed to serve a copy of this order on the U.S. Marshal; |

***Plaintiff's Required Submission of Documents to U.S. Marshal***

4. Within 30 days from the date of this order, plaintiff shall submit to the U.S. Marshal (501 I Street, 5th Floor, Sacramento, CA 95814) the following:

   (i) 1 copy of this order;

   (ii) 1 copy of the court's order setting status conference;

   (iii) 1 copy of the Magistrate Judge Consent/Decline form;

   (iv) A completed summons and completed USM-285 form for defendant El Dorado Transit Services; and

   (v) 2 copies of the complaint;

5. Within 10 days of submitting these documents to the U.S. Marshal, plaintiff shall file with the court a statement indicating that the documents have been submitted;

***Marshal's Request for Waiver of Service***

6. Within 14 days of receipt of plaintiff's submitted documents, the U.S. Marshal shall notify each defendant of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c);

7. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal within 30 days from the date the request was sent;

   a. Failure to return the signed waiver may subject a defendant to an order to pay service costs under Federal Rule of Civil Procedure 4(d)(2); and

   b. The filing of an answer or a responsive motion does not relieve a defendant of this requirement;

8. The U.S. Marshal shall file returned waivers of service of summons, as well as any requests for waivers that are returned as undelivered, as soon as they are received;

////

////

3

*Marshal's Service of Process*

9. If defendant does not return a signed waiver of service of summons within 30 days from the date the waiver request was sent, the U.S. Marshal shall:

    a. Within 60 days of the expiration of the waiver deadline, personally serve process—along with a copy of this court's order setting status conference, a Magistrate Judge Consent/Decline form, and a copy of this order—on defendant in accordance with Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c). The U.S. Marshal shall maintain the confidentiality of all information so provided pursuant to this order; and

    b. Within 14 days after personal service is effected, file the return of service, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on the defendant. Such costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

10. In the event the Marshal is unable to effect service on defendant within this time frame, the Marshal shall report that fact, and the reasons for it, to the undersigned;

*Miscellaneous Orders*

11. Following service, or waiver of service, defendant shall reply to the complaint within the time provided in Federal Rule of Civil Procedure 12(a); and

12. Failure to comply with this order may result in sanctions, including dismissal of the action pursuant to Rule 41(b).

Dated: November 28, 2022

vand.1734

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4