UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HUEVEL,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY TRANSIT, et al.,<br><br>Defendants. | No. 2:22–cv–1734–DAD–KJN PS<br><br>FINDINGS & RECOMMENDATIONS ON DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 11.) |

Plaintiff's first amended complaint (ECF No. 6), when liberally construed at the screening phase, appeared to assert a cause of action under the Americans with Disabilities Act ("ADA") for defendant El Dorado County Transit's failure to provide plaintiff with transportation services despite his disabilities.[1]  (ECF No. 7.)  Defendant now moves to dismiss, asserting that because the complaint states plaintiff did receive transportation services—just not the particular drop-off point he requested—his ADA claim fails.  Defendant requests leave to amend be denied as futile (ECF Nos. 11, 15.).  Plaintiff opposed dismissal by referencing his physical condition and the county's library branch, and by lodging personal attacks on defense counsel.  (ECF No. 14.)

For the reasons that follow, the undersigned recommends this case be dismissed with prejudice.

---

[1] This case was referred to the undersigned under Local Rule 302(c)(21) for the entry of findings and recommendations.  See Local Rule 304.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). If upon dismissal the court finds amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

As the court noted at screening, plaintiff's original complaint was difficult to discern, as it only quoted phrasing about race, color, and national origin, named as defendant El Dorado County Transit and a person named Alicia, and requested $500,000 in damages. (ECF No. 1, 3.)

The court found this original complaint failed to state a claim, but granted plaintiff leave to amend given his unrepresented status and the possibility that he could provide more facts to state a discrimination complaint. (ECF No. 3.) Plaintiff's first amended complaint ("1AC") was equally difficult to discern, but did indicate that plaintiff's concern centered around defendant El Dorado Transit's failure to accommodate his asserted disability related to plaintiff's use of the county's transportation services. (ECF No. 6.) Plaintiff cited the Americans with Disabilities Act as the authority for his claim. (Id.)

The ADA prohibits discrimination by public entities against those with disabilities. 42 U.S.C. § 12101. Title II of the ADA states: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II, plaintiff must assert (among other things) that he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity." Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Regarding an alleged disabled person's meaningful access (via reasonable accommodations) to public transportation services, a distinction exists between those services deemed "paratransit" and the common "fixed route" systems. Cf., e.g., Stroman v. Sacramento Regional Transit Dist., 70 Fed. Appx. 438, 439 (9th Cir. 2003) (describing paratransit services as those offered to an individual who has a "specific impairment-related condition which prevents [him] from traveling to a boarding locating or from a disembarking location"); with, e.g., 42 U.S.C. § 12141(3) (describing fixed route systems as those that provide "designated public transportation on which a vehicle is operated along a prescribed route according to a fixed schedule").

Here, in its dismissal motion, defendant notes how the 1AC explicitly states that plaintiff was seeking an "easy stop at the accessible Green Valley Church," and defendant simply refused to alter its fixed route. (See ECF No. 6 at 1.) Plaintiff does not appear to dispute this, instead focusing in his opposition on the nature of his disability. However, even assuming plaintiff is

disabled under the ADA, he cannot state a discrimination claim for defendant's refusal to alter its fixed route system at plaintiff's mere request.  It is by design a fixed system.  See, e.g., Boose v. Tri–Met Metropolitan Transportation District of Oregon, 587 F.3d 997 (9th Cir. 2009) (holding that a paratransit provider was not required to accommodate a disabled plaintiff's request to modify the paratransit policy by providing her with the transit vehicle of her choice, noting the Secretary of Transportation is in control of the overall framework).[2]

Ordinarily, the court liberally grants an unrepresented plaintiff leave to amend.  However, given the facts stated in the complaint and legal framework, the court concludes that granting further leave to amend would be futile.  Cahill, 80 F.3d at 339.

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 31, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vand.1734

---

[2] As to plaintiff's other accusations in his opposition, that defense counsel has attempted to deceive the court, has made false statements, and is somehow connected to a broader conspiracy (see ECF No. 14), the court warns plaintiff that such unfounded accusations are unwarranted, legally frivolous, and support a finding that plaintiff should be deemed a vexatious litigant.  This is not the first time defendant has been warned in this court, and other California courts have in fact found him to be a vexatious litigant.