UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>EL DORADO COUNTY TRANSIT,<br><br>　　　　　　Defendant. | No.  2:22-cv-01734-DAD-KJN<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 21) |

　　　　Plaintiff Jean Marc Van den Heuvel, proceeding *pro se* and *in forma pauperis*, initiated this civil action on September 30, 2022.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On September 25, 2023, the court dismissed and closed this action due to plaintiff's failure to state a cognizable claim.  (Doc. No. 19.)  That same day, judgment was entered.  (Doc. No. 20.)

　　　　On November 17, 2023, plaintiff filed a lengthy document titled "Objections to Judicial Orders," which is largely indecipherable.  (Doc. No. 21.)  Nevertheless, the court will construe this filing as a motion for reconsideration of the court's September 25, 2023 order.

　　　　Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order dismissing this action due to plaintiff's failure to state a cognizable claim and closing this case.  Thus, the court will deny plaintiff's motion for reconsideration of the court's September 25, 2023 order.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 21) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated:   **December 5, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE